Case 2:24-cv-02671-KSM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  MICHAEL PATICK CREEDON        :
        REGINA ANNE CREEDON        :
                    Debtors        : NO: 24-CV-2671-KSM
                                : 
                                : NO. 23-12202-PMM (Chapter 13)

_____

**TRUSTEE'S REPLY TO APPELLANT'S BRIEF**

**ORAL ARGUMENT IS NOT REQUESTED**

_____

Appeal from Fee Order of June 10, 2024 by the
Honorable Patricia M. Mayer U.S. Bankruptcy Judge
_____

Kenneth E. West, Esquire (PA Attorney ID #53126)
Chapter 13 Standing Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107
KWest@ph13trustee.com

Phone:   215-627-1377, ext 101
Fax:       215-627-6299

## TABLE OF CONTENTS

Page

STATEMENT OF JURISDICTION ............................................   1

STATEMENT OF ISSUES .........................................................   1

STATEMENT OF CASE ............................................................   2

TRUSTEE'S REPLY TO APPELLANTS' ARGUMENT..........   3

CONCLUSION...........................................................................   8

CERTIFICATE OF SERVICE ....................................................   10

## STATEMENT OF JURISDICTION

The District Court has subject matter jurisdiction pursuant to 28 U.S.C. §158(a).

## STATEMENT OF THE ISSUES

1. Whether the Bankruptcy Court erred in finding that the full amount of compensation requested by the Appellant was not reasonable?

2. Whether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation when property of the estate could no longer inure to the benefit of unsecured creditors?

3. Whether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation without holding an evidentiary hearing?

4. Whether the Bankruptcy Court violated the U.S. Constitution by awarding the Appellant less than the requested amount of compensation without notice and hearing notwithstanding the Appellant's written notice that he did not consent to the entry of a reduced award without notice and hearing?

## STATEMENT OF THE CASE

On July 25, 2023, a Chapter 13 Bankruptcy was filed on behalf of the debtors, Michael and Regina Creedon, case number 23-12202. This was the 2nd Chapter 13 filing on behalf of the Debtors. Counsel for the Debtors represented the Debtors in both filings.

On March 26, 2024, confirmation of the plan was denied.

On March 27, 2024, a Trustee's Motion to Dismiss was filed, requesting that the bankruptcy be dismissed for failure to commence payments under the plan and unreasonable delay.

On May 7, 2024, after notice and hearing of the Chapter 13 Trustee's Motion, the bankruptcy case was dismissed. The Dismissal Order allowed 14 days for the filing of administrative fee applications.

On May 21, 2024, an Application for Compensation was filed seeking fees in the amount of $5,725.00 for services performed from July 15, 2023 (the date the case was filed) through May 21, 2024.

On June 10, 2024, after review, the Honorable Judge Patricia M. Mayer, entered the Fee Order that reduced the amount requested by $1,425.00 for a total award in compensation in the amount of $4,300.00.  In

2

the fee order, Judge Mayer summarized the reason for the reduction.

The Appellant has appealed Judge Mayer's Order.

## TRUSTEE'S REPLY TO APPELLANT'S BRIEF

Judge Mayer in her Opinion, dated July 12, 2024, relating to this appeal, states the following, as relevant background:

### *Bankruptcy Code and Rules*

Bankruptcy Courts may award reasonable compensation for actual, necessary services rendered by professionals. 11 U.S.C.S. §330(a)(1). The reasonableness of the compensation is determined by an examination of "(i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services, and (v) the cost of comparable services in non-bankruptcy cases." 11 U.S.C.S. §330(a)(3). A court must also consider the "benefit and necessity" of such services and what is reasonable in light of the representation of the interests of the debtor in connection with the case. 11 U.S.C. § 330(a)(4)(B).

The procedure for seeking payment of compensation is set forth in Federal Rule of Bankruptcy Procedure 2016, which provides that counsel "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr.

3

P. 2016(a). The Federal Rule is supplemented by procedures detailed in Local Rule 2016 (discussed below).

***Third Circuit Case Law***

The Third Circuit holds that Bankruptcy Courts have not only a right, but an affirmative duty, to review fee applications even in the absence of an objection (particularly given that objections to fee applications are rare and that review is necessary). In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994). In so finding, the Third Circuit emphasized that the Bankruptcy Court need not - in fact should not - become "enmeshed in a meticulous analysis" Id. at 844–45 (3d Cir. 1994) (citation omitted).

This sentiment has been echoed by colleagues on this court: "both the billing and fee review process are more art than science. The Court is not required to, nor realistically could it, determine an exact or a perfectly, precise fee for each case . . . fee review and allowance process is a holistic one." In re Kyung Tae Ko, 560 B.R. 245, 250–51 (Bankr. E.D. Pa. 2016) (citation and emphasis omitted). Further, it is an applicant's duty to demonstrate through a sufficiently detailed fee application that he is entitled to the amount sought. In re Murray, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. Aug. 6, 2007).

In reviewing fee applications, a court should call on its professional experience, expert judgment, and understanding of the legal profession as a starting point. In re: Badyrka, 2022 WL 4656034, at *9 (Bankr. M.D. Pa. Sept. 30, 2022).

### *In re Lewis: pre-confirmation, post-dismissal fee applications*

Also relevant here (where a fee application is being considered in a dismissed, unconfirmed chapter 13 case) is In re Lewis, 346 B.R. 89, 109–10 (Bankr. E.D. Pa. 2006).  In Lewis, Judge Frank held that §349(b)(3) governs the effect of dismissal on property of the bankruptcy estate. Id. at 111.  While §349 provides that property shall, upon dismissal, be revested "in the entity to which such property was vested" prior to the filing of the case, the section permits a court to order that the funds be otherwise distributed "for cause." Id. at 101–02, 114.  If jurisdiction is retained, this provision allows a court to order payment of estate funds to debtor's counsel rather than to the entity vested with the funds pre-petition (who is usually the debtor).  Lewis is the prevailing case on this issue in this district.

When counsel submits a fee application in a chapter 13 case which has not been confirmed, the "no look" fee, see L.R. 2016-3(a)(1), is not applicable. Rather, the court must "employ the traditional analysis of determining the

5

reasonable amount of compensation, taking into account the results achieved by counsel's efforts in a case dismissed without a confirmed plan, all of the factors set forth in 11 U.S.C. § 330(a)(3), 330(a)(4)(B) and any other relevant considerations." Lewis, 346 B.R.at 109–10 (citations omitted). It is the burden of the applicant to demonstrate by way of the fee application that the services provided to the debtor were both valuable and aimed at achieving a viable chapter 13 plan. Id. at 108; see also 3 Collier on Bankruptcy P 330.03 (16th 2024)."

Bankruptcy Court fee awards orders are reviewed under an abuse of discretion standard. An abuse of discretion exists where the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the factfinder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data. A court should not disturb an exercise of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.

6

As to each issue raised in appeal.

1. Whether the Bankruptcy Court erred in finding that the full amount of compensation requested by the Appellant was not reasonable.

Judge Mayer states in her opinion: "The 25% reduction of fees was based on a careful analysis of the record and case history but is not, nor need it be, an exact calculation. Rather, the Third Circuit directs courts to use discretion in reviewing fee applications and to make a determination that is fair but not necessarily precise. At bottom, I find a bill of nearly $6,000.00 for a routine bankruptcy in which a plan of reorganization was not confirmed to be high; this determination was made pursuant to my common sense, experience, and discretion."

The Judge's review of the attorney fee application is the Judge's obligation and her "determination", after review, is squarely within her purview. The reduction in the fee requested was not an abuse of discretion.

2. Whether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation when property of the estate could no longer inure to the benefit of unsecured creditors.

The Bankruptcy Court did not err in awarding a fee to counsel for an amount less than that which was requested. Under <u>Lewis</u>, counsel is not entitled

7

to any fee it requests just because the case is dismissed pre-confirmation.

    3.   Whether the Bankruptcy Court erred by awarding the Appellant less than the requested amount of compensation without holding an evidentiary hearing.

Our local rules provide a process under which debtor's counsel, in response to the fee award, could have requested and hearing and raised his objection to the reduction in fee order.  Counsel failed to avail himself of the process and waived his right to a hearing by filing the appeal instead.

    4.   Whether the Bankruptcy Court violated the U.S. Constitution by awarding the Appellant less than the requested amount of compensation without notice and hearing notwithstanding the Appellant's written notice that he did not consent to the entry of a reduced award without notice and hearing.

Answer:  No.  Our local rules provide a process under which Debtor's Counsel could have requested a hearing and at that hearing he could have raised objections to the reduction in fee.  I'm unclear as to how counsel's constitutional rights can be violated if he did not follow the rules to address his concerns.

## CONCLUSION

For the foregoing reasons, Judge Mayer did not abuse her discretion nor did she violate Debtors Counsel's constitutional rights.  The Fee Order entered June

8

10, 2024, of the US Bankruptcy Court of Pennsylvania, at Bankruptcy #23-12202-PMM (Chapter 13), should be AFFIRMED.

Dated: September 26, 2024                Respectfully submitted,


                                         */s/ Kenneth E. West*
                                         Kenneth E. West, Esq.  (PA Bar No. 53126)
                                         Chapter 13 Standing Trustee
                                         1234 Market Street, Suite 1813
                                         Philadelphia, PA 19107
                                         KWest@ph13trustee.com
                                         Phone:   215-627-1377, ext 101
                                         Fax:       215-627-6299

9

Case 2:24-cv-02671-KSM

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  MICHAEL PATICK CREEDON  :
   REGINA ANNE CREEDON   :
        Debtors :  NO: 24-CV-2671-KSM
            :
            :  NO. 23-12202-PMM (Chapter 13)

## CERTIFICATE OF SERVICE

I, Kenneth E. West, Esq., certify that service of Trustee's Reply to Appellant's Brief - Oral Argument is not requested, was made on September 26, 2024 by:

Electronically, via court filing system and/or via USPS First Class Mail, postage fully prepaid (brief only) addressed to:

Hon. Patricia M Mayer,
Bankruptcy Judge
U.S. Bankruptcy Court – EDPA
900 Market Street, Suite 400
Philadelphia, PA  19107

Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
cibik@cibiklaw.com

Michael and Reginia Creedon
4 Saljon Ct
Maple Glen, PA 19002-3012

Timothy B. McGrath
U.S. Bankruptcy Court
900 Market St
Philadelphia, PA 19107

Dave P. Adams
Office of the United States Trustee
900 Market St
Philadelphia, PA 19107

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: September 26, 2024

*/s/ Kenneth E. West*
Kenneth E. West, Esquire
10